# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-072-RFB |
| Plaintiff, | **ORDER TO COMPLY** |
| v. | |
| VONTEAK ALEXANDER, | |
| Defendant. | |

## I. BACKGROUND

Before the Court is consideration of an objection [ECF No. 82] to the Court's Order [ECF No. 81] directing the County of Alameda Social Services Agency to produce certain records in its possession or that of Child Protective Services for the County.

On the parties' joint motion on August 16, 2017, this Court ordered [ECF No. 39] California Child Protective Services, among other entities, to produce to the U.S. Atorney's Office and the Federal Public Defender's Office certain records concerning A.B.W., the alleged victim in this case. CPS was not, however, initially served with the Court's order. Defense counsel subsequently had CPS served with the order. On November 21, 2017, the County of Alameda Social Services Agency on behalf of CPS filed an objection this Court's order arguing that it could produce the confidential records as such production would violate California law.

## II. DISCUSSION

The Court rejects for a few reasons the County's Objection to this Court's Order and orders it to comply with this Court's Order [ECF No. 81] and subpoena [ECF No. 39] requiring

production of the specified records.  These records shall first be produced to this Court for review prior to being produced to either party in this case.

The Court rejects the County's argument first, because the Court finds that California Penal Code Section 11167.5 allows for disclosure of the subject records in this case to "[o]ut-of-state law enforcement agencies conducting an investigation of child abuse or neglect."  In this case, the United States Attorney's Office of Nevada, an out-of-state law enforcement, joined in the motion to produce the records.  The Court finds that the United States Attorney's office motion complied with the procedural requirements of the statute.  Moreover, the records in this case are being produced first to this Court prior to disclosure to any another party.

Additionally, the Court finds that the disclosure of the records is not barred by California Welfare and Institutions Code Sections 10850 and 827.   While these sections do provide for the confidentiality of certain records, California courts have explicitly found that their "cloak of confidentiality must fall to the rights of a criminal defendant to mount a defense."  In re Keisha T., 38 Cal. App.4th 220, 232 (Cal App. 1995)(referencing Section 827).  The Court has found that the records at issue are necessary to the defense in order for Mr. Alexander to be have an adequate defense as required under the Constitution.  The Court thus finds that Sections 10850 and 827 do not prevent the disclosure of the respective records under California law.

Furthermore, the Court finds that to the extent any California laws might prevent the confidential disclosure of the records at issue in this order, such laws are preempted by federal law.  Under the Supremacy Clause of the Constitution "[f]ederal law can displace local law or regulation through express preemption, field preemption or conflict preemption."  Bernhardt v. L.A. Cty., 339 F.3d 920, 929 (9th Cir. 2003).  Conflict preemption applies in circumstances "where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  Id. (internal citations omitted).  Conflict preemption may be expressly drafted in the federal statute or implied.  Ting v. AT&T, 319 F.3d 1126, 1135-37 (9th Cir. 2003).

"Express preemption results when Congress enacts a clear statutory command that local law is displaced." Bernhardt, 339 F.3d at 929.

The Court finds that conflict preemption applies to this case. Counsel for CPS and the County has asserted that state law prevents disclosure of the documents at issue in this order. This Court has, however, found that pursuant to Fed. R. Crim. P. 17 the records at issue should be disclosed to the Defendant in this case. [ECF No. 39] To the extent a conflict exists between California law and federal law regarding the disclosure of the respective records, federal law preempts state law.

Additionally, the Court also finds that express preemption applies in this case. The Federal Rules of Criminal Procedure authority derives *inter alia* from the Rules Enabling Act, 28 U.S.C. § 2072, et seq. Section 2072(b) expressly provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Id. Thus, federal law also expressly preempts any state laws that would operate in conflict with the Federal Rules of Criminal Procedure.

The Court therefore finds that the records at issue must be disclosed pursuant to federal and state law. The Court will require that such records first be produced in camera to the Court to ensure that only records subject to the Court's finding requiring disclosure will be produced to the defense in this case.

Accordingly,

**IT IS HEREBY ORDERED** that California Protective Services and Alameda County, Social Services Agency, Department of Children and Family Services shall produce to this Court the records which this Court had previously ordered produced pursuant to its prior orders [ECF Nos. 39 and 81].

DATED: November 1, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE