ROSE M. MUKHAR (CA Bar # 258742) *(Pro Hac Vice)*
Justice At Last, Inc.
P.O. Box 566
San Carlos, CA 94070
Tel.: 650-995-4893
Fax: 650-590-6994
Email: rose@justiceatlast.org

DANIEL B. HEIDTKE (Bar # 12975) *(Local Counsel)*
Duane Morris LLP
100 North City Parkway, Suite 1560
Las Vegas, NV 89106-4617
Tel.: 702-868-2605
Fax: 702-543-3263
Email: dbheidtke@duanemorris.com

Pro Bono Attorneys For Victim Jane Doe

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VONTEAK ALEXANDER,<br><br>Defendant. | Case No.: 2:17-cr-00072-RFB<br><br>**VICTIM'S STATEMENT RE: SENTENCING AND RESTITUTION** |

Victim Jane Doe, by and through her counsel, files this victim statement regarding sentencing and restitution. Jane Doe respectfully requests that this Court impose a meaningful sentence on Defendant that includes a restitution order in the amount of $15,000. Jane Doe respectfully submits this statement to assist the Court in determining restitution.

## Table of Contents

**INTRODUCTION** ............................................................................................................... - 5 -

**SUMMARY OF PROCEEDINGS** ..................................................................................... - 5 -

**SUMMARY OF FACTS** ..................................................................................................... - 6 -

**ARGUMENT** ........................................................................................................................ - 7 -

**CONCLUSION** ................................................................................................................. - 10 -

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*In re Sealed Case,*
    702 F.3d 59 (D.D.C. 2012)............................................................................ 8

*United States v. Frazier,*
    651 F.3d 899 (8th Cir. 2011)......................................................................... 8

*United States v. Lewis,*
    791 F. Supp. 2d 81 (D.D.C. 2011)............................................................. 8,9

*United States v. Fu Sheng Kuo,*
    620 F.3d 1158 (9th Cir. 2010) ...................................................................... 8

*United States v. Mammedov,*
    304 F. App'x 922 (2d Cir. 2008).................................................................. 8

*United States v. Robinson,*
    508 F. App'x 867 (11th Cir. 2013) ............................................................... 8

*United States v. Sabhnani,*
    599 F.3d 215 (2d Cir. 2010)......................................................................... 8

*United States v. Sabhnani,*
    566 F. Supp. 2d 139 (E.D.N.Y. 2008) ......................................................... 8

**STATUTES**

18 U.S.C. § 1952(a)(3)(A)....................................................................................5,7

18 U.S.C. § 1694(c) .................................................................................................5

18 U.S.C. § 1591............................................................................................... 5,7,8

18 U.S.C. § 1594(c) ............................................................................................. 5,7

18 U.S.C. § 2423(a) ................................................................................................ 5

18 U.S.C. § 2422(b) ................................................................................................ 5

18 U.S.C. § 2259..................................................................................................... 7

18 U.S.C. § 3664................................................................................................. 7,8

18 U.S.C. § 1593................................................................................................. 7,8

29 U.S.C. § 206 .................................................................................................. 9

29 U.S.C. § 207(a) ............................................................................................. 9

29 U.S.C. § 216(d) ............................................................................................. 9

# INTRODUCTION

The Court indicted Defendant Vonteak Alexander on five counts of human trafficking charges: Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1694(c); Sex Trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(2) and (c); Conspiracy to Transport for Prostitution or Other Criminal Sexual Activity in violation of 18 U.S.C. § 1594(c); Transportation for Prostitution or Other Criminal, Sexual Activity in violation of 18 U.S.C. § 2423(a); and Coercion and Enticement in violation of 18 U.S.C. § 2422(b). Defendant entered into a guilty plea for two counts of Interstate Travel in Aid of Unlawful Activity in violation of 18 U.S.C. § 1952(a)(3)(A) on May 15, 2019. The Court has set Defendant's sentencing hearing for December 22, 2020 at **2:00 PM**. As detailed below, victim Jane Doe has suffered and continues to suffer significant harm from Defendant's criminal conduct. Jane Doe respectfully requests that this Court impose a meaningful sentence on Defendant that includes a restitution order in the amount of $15,000. Jane Doe respectfully submits this statement to assist the Court in determining restitution.

# SUMMARY OF PROCEEDINGS

On February 28, 2017, the Court indicted Defendant on five counts: Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1694(c); Sex Trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(2) and (c); Conspiracy to Transport for Prostitution or Other Criminal Sexual Activity in violation of 18 U.S.C. § 1594(c); Transportation for Prostitution or Other Criminal, Sexual Activity in violation of 18 U.S.C. § 2423(a); and Coercion and Enticement in violation of 18 U.S.C. § 2422(b).

On May 15, 2019, Defendant plead guilty to Interstate Travel in Aid of Unlawful Activity in violation of 18 U.S.C. § 1952(a)(3)(A).

The Court has set Defendant's sentencing hearing for December 22, 2020 at **2:00 PM**.

## SUMMARY OF FACTS

Jane Doe is the crime victim in this case and a survivor of sexual exploitation and human trafficking at the hands of Defendant. Defendant recruited and then sex trafficked Jane Doe from March 28, 2016 through April 16, 2016 while Jane Doe was twelve years old. Jane Doe has suffered extreme and physical, mental, emotional damages as a result of Defendant's crimes against her.

On the night of March 28, 2016, Defendant abducted Jane Doe in San Leandro, California. Defendant approached Jane Doe in an alleyway, grabbed her, put her in his car, locked the doors, and drove away. Defendant and Jane Doe had no prior relationship. Jane Doe struggled to get free, but Defendant assaulted and drugged her until she fell asleep.

Defendant then drove twelve-year-old Jane Doe from San Leandro, California to Los Angeles, California to Las Vegas, Nevada with the intent that Jane Doe engage in commercial sex acts. Many times during that period, Defendant violently assaulted and threatened Ms. Doe such that she was forced to engage in sexual acts with strangers for money, which Jane Doe was required to give to Defendant.

Defendant first kept Jane Doe in Los Angeles for two or three days. He sent her to the track to sell sex for one night, instructing her to charge $50 for oral sex and at least $80 for sex. Jane Doe was forced to have sex with two adult men that night, and she brought back Defendant approximately $200.

Defendant then drove Jane Doe to Las Vegas, Nevada, where he forced her to work nearly every night from an average of 13 hours a day for several weeks. Jane Doe made approximately $500 to $1000 per night for the several weeks Defendant kept her in Las Vegas. During this time, Defendant forced Jane Doe to perform sexual acts on multiple adult men in hotel rooms and cars. In addition, Defendant himself had sex with Jane Doe nearly every night that he kept her in Las Vegas.

On April 16, 2016, Jane Doe approached security at the Orleans Hotel and Casino in Las Vegas and told them she was a missing juvenile who was being sex trafficked. Defendant was subsequently arrested and indicted on February 28, 2017.

Jane Doe has suffered extreme physical, emotional, and mental harm resulting from Defendant's crimes against her. She was repeatedly abused and violated by Defendant and the multiple adult men Defendant forced Jane Doe to have commercial sex with.

Jane Doe feared and still fears for her life and the lives of her family.

## ARGUMENT

The Trafficking Victims Protection Act ("TVPA") makes restitution mandatory for Jane Doe as a victim of sex trafficking. Specifically, 18 U.S.C. § 1593(a) provides that "the court shall order restitution for any offense under this chapter," which encompasses victims of sex trafficking. *E.g., U.S. v. Culp*, 608 F. App'x 390, 392 (6th Cir. 2015) ("Courts must award restitution to victims of sex trafficking [under 18 U.S.C. 1593(a)].").

On May 15, 2019, Defendant plead guilty to Interstate Travel in Aid of Unlawful Activity in violation of 18 U.S.C. § 1952(a)(3)(A). Defendant's plea acknowledged that the conduct to which he entered a plea gave rise to mandatory restitution to the victim under 18 U.S.C. § 2259. Additionally, Defendant "acknowledges that the conduct to which he is entering a plea gives rise to mandatory restitution to the victim," and the Defendant agrees that for the purpose of assessing restitution that "the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and unchanged conduct in which the Defendant has been involved." *See Binding Plea Agreement Under Federal rule Criminal Procedure 11(c)(1)(A) and (C)* filed May 15, 2019, Pg. 8-9. Here, at least two counts from the initial indictment that were dismissed involved sex trafficking of a minor. *See* 18 U.S.C. §1591 and §1594(c). Defendant admits and declares that he facilitated the carrying on of unlawful activity by Jane Doe between March 28, 2016 to April 16, 2016. This unlawful activity that Defendant facilitated was the inducement of a 12 year old minor to engage in commercial sex which constitutes sex trafficking. Consequently, Jane Doe is also entitled to the mandatory restitution under 18 U.S.C.§1593 in addition to 18 U.S.C. § 2259. Accordingly, this Memorandum will assist the Court in determining restitution for Jane Doe as a sex trafficking victim under 18 U.S.C. §1593.

The order of restitution "shall direct the defendant to pay the victim . . . *the full amount of the victim's losses*," 18 U.S.C. § 1593(b)(1) (emphasis added), and "shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A." *Id.* § 1593(b)(2). As such, "[t]he court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id.* § 3664(f)(1)(A). Further, the court may not consider the fact that the victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source. *Id.* § 3664(f)(1)(B). The "full amount of the victim's losses" includes "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18 U.S.C. § 1593(b)(3); *see also In re Sealed Case*, 702 F.3d 59, 67 (D.D.C. 2012) (purpose of restitution is to "make victims of crime whole" by "fully compensating" them for their losses (quoting *United States v. Frazier*, 651 F.3d 899, 904 (8th Cir. 2011))).

## I. DEFENDANT'S ILL-GOTTEN GAINS

The court shall include in the restitution order "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act [("FLSA")]." 18 U.S.C. § 1593(b)(3); *see also Lewis*, 791 F. Supp. 2d at 90; *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010) ("[T]he Trafficking Act mandates restitution that includes a defendant's ill-gotten gains."). This is true for victims of sex trafficking, notwithstanding that their earnings came from illegal conduct. *Culp*, 608 F. App'x at 392; *United States v. Mammedov*, 304 F. App'x 922, 927 (2d Cir. 2008) ("[T]he express terms of 18 U.S.C. § 1593(b)(3) require that the victims in this case, i.e., persons who engaged in commercial sex acts within the meaning of 18 U.S.C. § 1591, receive restitution, notwithstanding that their earnings came from illegal conduct."); *United States v. Robinson*, 508 F. App'x 867, 871 (11th Cir. 2013) ("A child engaged in a sex trafficking enterprise falls squarely within this definition" of victim under § 1593(c), especially because minors cannot consent to prostitution).

The record supports a reasonably certain estimate of Jane Doe's losses with respect to Defendant's ill-gotten gains. The evidence shows that Defendant indoctrinated Jane Doe into a life of prostitution and forced Jane Doe to turn over all the monies she earned to him. Defendant forced Jane Doe to work for him for approximately 20 days during which she earned an average of approximately $500 to $1000 per day. She was forced to work for him approximately 13 hours per day on average during that time period.

Accordingly, Jane Doe is entitled to restitution for the value of her services to defendant over the time Jane Doe worked for him, which may be calculated as follows: average daily earnings [$750] x number of days worked for defendant [20 days]. Thus, Jane Doe is entitled to restitution in the amount of $15,000. *See Lewis*, 791 F. Supp. 2d at 92 & n.12 (appropriate calculation for gross income or value to defendant is "the average daily amount [victim] earned over the period of time the victim worked for the defendant").

Under the FLSA, Jane Doe is entitled to $7.25 per hour worked, plus overtime, calculated at one and one-half times that rate for every hour Jane Doe worked over forty hours per week. 29 U.S.C. §§ 206(a) & (b), 207(a), 216(d).[12] Furthermore, the FLSA provides that any employer who violates the Act shall be liable for "an additional equal amount as liquidated damages." *Id.* § 216(d); *United States v. Sabhnani*, 599 F.3d 215, 259–60 (2d Cir. 2010) (affirming liquidated damages under the FLSA for trafficking victims).

---

[1] Rest periods running between five and twenty minutes must be counted towards hours worked, and may not be offset against other working time such as compensable waiting time or on-call time. 29 C.F.R. 785.18. Although bona fide meal periods – which ordinarily must be thirty minutes or longer – are not worktime, "the employee is not relieved if he is required to perform *any* duties, whether active, or inactive while eating." *Id.* 785.19(a) (emphasis added); *see also United States v. Sabhnani*, 566 F. Supp. 2d 139, 143 (E.D.N.Y. 2008) (not bona fide meal period where victims were not provided with a sufficient amount of food or time to eat), *aff'd in part, vac'd in part*, 599 F.3d 215 (2d Cir. 2010). Moreover, under certain conditions, such as where the employee is required to be on duty or is interrupted with work, an employee is considered to be working even though some of his time is spent sleeping or on certain other nonwork activities. 29 C.F.R. 785.20–22; *Sabhnani*, 577 F. Supp. 2d at 143 (victims considered working all day where they testified that they were called upon to perform at all hours of the day and night). If an interruption prevents the employee from getting a reasonable night's sleep (*i.e.*, at least five hours), the entire period must be counted as work. *Id.* 785.22(b).

[2] Although the FLSA generally provides for a two-year statute of limitations, and three-year statute of limitations for a willful violation, the limitations period is tolled where an employer does not post notice requirements of employee protections under the FLSA. *Sabhnani*, 566 F. Supp. 2d at 145–46 (tolling limitations period where defendant did not provide requisite notice of FLSA and where trafficking victims did not speak English). Here, Defendant did not post the requisite notice of the FLSA's protections, and thus the limitations period is equitably tolled. *Id.*

Accordingly, Jane Doe is entitled to restitution in the amount of her unpaid minimum wages and overtime compensation under the FLSA, as well as liquidated damages, which may be calculated as follows: $[(([120 \text{ hours}] \times \$7.25) + ([133 \text{ hours}] \times \$10.875)) \times 2]$. Thus, Jane Doe is entitled to restitution in the amount of \$4,632.75. *See United States v. Sabhnani*, 566 F. Supp. 2d 139, 142–46 (E.D.N.Y. 2008), *aff'd in part, rev'd in part*, 599 F.3d 215 (2d Cir. 2010).[3]  Here, the defendant's ill-gotten gains are more than the amount Jane Doe is owed under FSLA so defendant's ill-gotten gains will be used in the calculations.

## CONCLUSION

For the foregoing reasons, this Court should impose on the Defendant a meaningful sentence for the human trafficking of Jane Doe, which should include a restitution order of \$15,000 for Defendant's ill-gotten gains. Such an order ensures that Defendant suffers the appropriate legal consequences for the harm he inflicted on Jane Doe.

DATED this 21st day of December, 2020.

Respectfully submitted,

By _____
ROSE M. MUKHAR
JUSTICE AT LAST
Pro Bono Attorney for Victim Jane Doe