RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
PAUL D. RIDDLE
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Paul_Riddle@fd.org

Attorney for Vonteak Alexander

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VONTEAK ALEXANDER,<br><br>    Defendant. | Case No. 2:17-cr-00072-RFB-1<br><br>**DEFENDANT'S MOTION ON RESTITUTION** |

Vonteak Alexander asks the Court to reject the restitution calculations submitted by Jane Doe's attorney on the grounds that the provisions of 18 U.S.C. § 1593 do not apply. Mr. Alexander further asks the Court deny the imposition of statutory restitution under 18 U.S.C. § 3014(a) on the grounds that he is indigent.

**Procedural Background**

On May 15, 2019, Vonteak Alexander pleaded guilty to Interstate Travel in Aid of Unlawful Activity in violation of 18 U.S.C. 1952(a)(3)(A). Pursuant to the

plea agreement, Mr. Alexander agreed to pay mandatory restitution. ECF No. 226. The court accepted his guilty plea and sentenced him to 96 months on May 4, 2021. ECF No. 300.

In the Plea Agreement, Mr. Alexander "acknowledge[d] that the conduct to which he is entering a plea gives rise to mandatory restitution to the victims," and cites to 18 U.S.C. § 2259(a). ECF No. 226 at 8. The Plea Agreement also provides that "if [the] offense conduct occurred after May 29, 2015, and unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count must be imposed" under 18 U.S.C. § 3014.

Jane Doe filed a motion seeking $15,000 in restitution. The calculation was based on the definition of a victim's loss under 18 U.S.C. § 1593(b)(3). Jane Doe argued, "Defendant forced Jane Doe to work for him for approximately 20 days during which she earned an average of approximately $500 to $1000 per day." ECF No. 2727 at 9. "She was forced to work for him approximately 13 hours per day on average during that period." *Id.* Alternatively, Jane Doe calculated restitution under the minimum wage and overtime compensation under the FLSA, including liquidated damages. This too was based on the statutory provisions of 18 U.S.C. § 1593. The amount of loss calculated was $4,632.75. *Id.*

At sentencing, the Court ordered restitution in the amount of $20,000, $15,000 of which was to be paid to Jane Doe, and statutory restitution of $5,000

2

under 18 U.S.C. § 3014(a).  Mr. Alexander made an oral motion objecting to the imposition of restitution in that amount. The Court ordered the parties to meet and confer on the issue of restitution and report if a joint resolution could be reached by May 19, 2020. The parties did meet but were unable to reach a resolution. This briefing follows.

### **Legal Background**

The Fifth Amendment Due Process Clause applies to sentencing proceedings. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Because restitution hearings are part of the sentencing process, *United States v. Richard*, 738 F.2d 1120, 1122 (10th Cir. 1984), the Due Process Clause applies to restitution hearings. In determining the context of defendant's constitutional protections in this restitution hearing, "we consider the private and government interests at state, the risk of an erroneous deprivation of the private interests through existing procedures and the probable value of additional or substitute procedures." *United States v. Keith*, 754 F.2d 1388, 1392 (9th Cir. 1985).

Due process rights at sentencing are limited. Due process ensures that a defendant will not be sentenced on the basis of "misinformation of a constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972); *accord Townsend*, 334 U.S. at 741 (sentencing of defendant on the basis of "materially false" information "which the prisoner had no opportunity to correct by services which counsel would provide violates due process."). A defendant has

a due process right "to be sentenced only on information that is accurate." *Id.* Some courts have held that a defendant does not have Confrontation Clause rights at a sentencing or restitution hearing. *See United States v. Sunrhodes*, 831 F.2d 1537, 1543 (10th Cir. 1987); *United States v. Loreng*, 956 F. Supp. 2d 213 (D.C. Cir. 2013). And at least one restitution statute provides that a victim cannot be compelled to testify at a restitution proceeding. 18 U.S.C. § 3664(g)(1).

### 1. Section 1593 does not apply to Mr. Alexander's restitution calculation.

Title 18, United States Code, Section 2259 provides for mandatory restitution to the victims of crimes. *See also* 18 U.S.C. § 3663A(c)(1)(B). The statute incorporates by reference the procedures for issuance and enforcement of an order of restitution as set forth in 18 U.S.C. § 3664. The statute further provides that the Court should order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). Section 2259(c)(2) defines the "full amount of the victim's losses" to include "any cost incurred or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim."

Restitution under 18 U.S.C. § 1593, which is the basis for Jane Doe's calculations, is never referenced in the Plea Agreement. Instead, the parties expressly refer to 18 U.S.C. § 2559. Section 1593 employs a unique restitution calculation that differs significantly from Sections 2259 and 3663. Moreover,

4

restitution under this provision is expressly limited to offenses under Chapter 77 of Title 18. 18 U.S.C. § 1593(a) ("the court shall order restitution for any offense under this chapter.").

Thus, not only does the statute not arguably apply under its own plain language reading, Mr. Alexander was never put on notice of the potential restitution calculation based on Section 1593's unique loss provisions. For these reasons, the Court should reject Jane Doe's proposed restitution calculations of $15,000 or the proposed alternative, $4,632.75, in favor of a restitution calculation consistent with 18 U.S.C. §§ 2559(c)(2) or 3663A((b)(2).

**2. The Court should not impose $5,000 in statutory restitution under Section 3014(a) because of Mr. Alexander's current and anticipated financial condition at release.**

A defendant has the burden of proving he is unable to pay a fine. *United States v. Strange,* 692 Fed. Appx. 346, 349 (9th Cir. 2017); *United States v. Brickey*, 289 F.3d 1144, 1152 (9th Cir. 2002). However, the court may impose a fine on a currently indigent defendant, if it finds that he has earning capacity to pay the fine in the future. *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009).

Mr. Alexander has some earning potential, but significant family obligations. Mr. Alexander completed his high school education. PSR ¶ 92. While on pretrial release, Mr. Alexander worked several jobs – often at once – in order

to make money. While he certainly made some bad decisions while on release, his work ethic and willingness to strive for a better life cannot be challenged.

When released, Mr. Alexander will face significant financial obstacles. Mr. Alexander was in custody from 2006 through 2015 and has limited financial resources as a result. PSR ¶ 99. He provides financial support to his three children with Jessica Campos.  PSR ¶ 70. While on pretrial release, Mr. Alexander married Rose Marie. PSR ¶ 76. Rose reports that she has several children of her own that he will be supporting as well when released.

For these reasons, Mr. Alexander asks the Court find him indigent within the meaning of 18 U.S.C. § 3014(a) and decline to apply the statutory restitution.

## Conclusion

For the foregoing reasons, Mr. Alexander respectfully requests the Court decline to impose the requested restitution in this case.

DATED this 4th day of August, 2021.

>Respectfully submitted,
>RENE L. VALLADARES
>Federal Public Defender
>
>By:  */s/Paul D. Riddle*
>PAUL D. RIDDLE
>Assistant Federal Public Defender
>Attorney for Vonteak Alexander

6

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that he is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on August 4, 2021, he served an electronic copy of the above and foregoing **MOTION FOR RESTITUTION** by electronic service (ECF) to the person named below:

>CHRISTOPHER CHIOU
>Acting United States Attorney
>CHRISTOPHER BURTON
>Assistant United States Attorney
>501 Las Vegas Blvd. South
>Suite 1100
>Las Vegas, NV 89101

>*/s/ Marcus Walker*
>Employee of the Federal Public Defender