# EXHIBIT A

```
NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
ELHAM ROOHANI
Nevada Bar No. 12080
CHRISTOPHER BURTON
Nevada Bar No. 12940
501 Las Vegas Boulevard South; Suite 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Elham.Roohani@usdoj.gov
Christopher.Burton4@usdoj.gov
```

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Vonteak Alexander,<br><br>    Defendant. | CASE NO: 2:17-cr-00072-RFB<br><br>**BINDING PLEA AGREEMENT UNDER FEDERAL RULE CRIMINAL PROCEDURE 11 (c)(1)(A) and (C)** |

Plaintiff United States of America, by and through NICHOLAS A. TRUTANICH, United States Attorney, Elham Roohani and Christopher Burton, Assistant United States Attorneys, the Defendant VONTEAK ALEXANDER, and the Defendant's attorney, PAUL RIDDLE, ESQ, Assistant Federal Public Defender, submit this Binding Plea Agreement under Federal Rule Criminal Procedure 11(c)(1)(A) and (C).

I.  **SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and VONTEAK ALEXANDER (the Defendant). This Plea Agreement, if accepted, binds the Defendant and the United States Attorney's Office for the District of Nevada, and the Court. It does not bind

1

any other prosecuting, administrative, or regulatory authority, or the United States Probation Office.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the Defendant.

II.     DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

   A.     <u>Guilty Plea</u>. The Defendant knowingly and voluntarily agrees to plead guilty to the Superseding Criminal Information:

   <u>Count 1</u>: Interstate Travel in Aid of Unlawful Activity, in violation of 18 U.S.C. § 1952(a)(3)(A); and

   <u>Count 2</u>: Interstate Travel in Aid of Unlawful Activity, in violation of 18 U.S.C. § 1952(a)(3)(A).

   B.     <u>Waiver of Trial Rights</u>. The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all Defendants by the laws and the Constitution of the United States. Specifically, the Defendant is giving up:

   1.     The right to proceed to trial by jury on all charges, or to a trial by a judge if the Defendant and the United States both agree;

   2.     The right to confront the witnesses against the Defendant at such a trial, and to cross-examine them;

   3.     The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

   4.     The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the Defendant's behalf;

6. The right to have the assistance of an attorney at all stages of such proceedings; and

7. The right to be indicted by a grand jury.

C. **Withdrawal of Guilty Plea**. The Defendant will not seek to withdraw his guilty plea after he has entered it in court.

D. **Additional Charges**. The United States agrees not to bring any additional charges against the Defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the Defendant for any crime of violence as defined by 18 U.S.C. § 16.

III. **ELEMENTS OF THE OFFENSES**

A. The elements of Interstate Travel in Aid of Unlawful Activity under 18 U.S.C. § 1952(a)(3)(A) are:

1. The Defendant traveled in interstate or foreign commerce; and

2. The Defendant traveled with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity; and

3. Thereafter the Defendant performed or attempted to perform the specified unlawful activity in violation of the laws of the State in which it was committed.

IV. **FACTS SUPPORTING GUILTY PLEA**

A. The Defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

1  B.  The Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The Defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C.  The Defendant waives any potential future claim that the facts he admitted in this Plea Agreement and any accompanying filings were insufficient to satisfy the elements of the charged offenses.

D.  The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On or about March 28, 2016, Vonteak Alexander drove a rented car carrying "▒▒▒▒" from within California to Las Vegas, Nevada using a facility of interstate commerce with the intent to facilitate, otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of unlawful activity by "▒▒▒▒" "▒▒▒▒" committed acts of unlawful activity between March 28, 2016, and April 16, 2016.

Alexander knew or should have known that "▒▒▒▒" was a vulnerable victim by virtue of being a missing person. Alexander admits that he traveled in interstate commerce with the intent to have "▒▒▒▒" engage in acts of unlawful activity that violated the laws of the State of Nevada, and thereafter Alexander attempted to facilitate, promote, manage, or establish "▒▒▒▒" to engage in acts of unlawful activity that violate the laws of the State of Nevada.

The foregoing took place in the State and Federal District of Nevada and elsewhere.

V.  **COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) at sentencing for any purpose. If the Defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV

similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

The United States will recommend that the Court sentence the Defendant to a sentence within the applicable sentencing guideline range as determined by the Court, unless the Defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. In any event, the United States will not seek a sentence higher than 96 months.

The Defendant may request a downward adjustment pursuant to 18 U.S.C. § 3553 from any sentence the Court may impose. In any event, the Defendant may not directly or indirectly seek a sentence lower than 60 months.

The Defendant acknowledges that this agreement will be binding on the Court pursuant to Federal Rule Criminal Procedure 11(c)(1)(A) and (C). <u>Either party may withdraw from this plea agreement if the Court does not sentence the Defendant within the specified range of 60 to 96 months.</u> This Plea Agreement does not require that United States file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Federal Rule Criminal Procedure 35. The United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation. The United States will move to dismiss the Indictment at the time of sentencing.

IX. **RESTITUTION**

==The Defendant acknowledges that the conduct to which he is entering a plea is gives rise to mandatory restitution to the victim(s). See 18 U.S.C. § 2259. The Defendant agrees that for the purpose of assessing such restitution, the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and uncharged conduct in which==

8

1  ==the Defendant has been involved. The Defendant agrees to pay the victim(s) the "full amount of==
2  ==the victim's losses" as defined in 18 U.S.C. § 2259(b)(3).==
3      The Defendant further acknowledges that if his offense conduct occurred after May 29,
4  2015, and unless the Sentencing Court finds the Defendant to be indigent, an additional
5  mandatory special assessment of $5,000.00 per count must be imposed pursuant to the Justice
6  for Victims of Trafficking Act of 2015, which amends 18 U.S.C. § 3014.
7  X.    FINANCIAL INFORMATION AND DISPOSITION OF ASSETS
8      Before or after sentencing, upon request by the Court, the United States, or the
9  Probation Office, the Defendant will provide accurate and complete financial information,
10 submit sworn statements, and/or give depositions under oath concerning his assets and his
11 ability to pay. The Defendant will surrender assets he obtained directly or indirectly as a result
12 of his crimes, and will release funds and property under his control in order to pay any fine,
13 forfeiture, or restitution ordered by the Court.
14 XI.   THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS
15     A.    <u>Plea Agreement and Decision to Plead Guilty</u>. The Defendant acknowledges
16 that:
17         (1)   He has read this Plea Agreement and understands its terms and
18 conditions;
19         (2)   He has had adequate time to discuss this case, the evidence, and this Plea
20 Agreement with his attorney;
21         (3)   He has discussed the terms of this Plea Agreement with his attorney;
22         (4)   The representations contained in this Plea Agreement are true and correct,
23 including the facts set forth in Section IV; and
24