**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VONTEAK ALEXANDER,<br><br>Defendant. | Case No. 2:17-cr-00072-RFB<br><br>**RESTITUTION ORDER** |

**I.      INTRODUCTION**

Before the Court is Jane Doe's Motion for Restitution [ECF No. 272], Defendant's response to Jane Doe [ECF No. 316], Jane Doe's Supplemental Memorandum [ECF No. 321], and Defendant's final reply to Jane Doe [ECF No. 353]. The Court held various hearings and conferences in this case relevant to restitution and they are incorporated by reference here. [ECF Nos. 83, 137, 146, 300, 318] For the reasons stated below, the Court denies Jane Does' request for restitution.

**II.     PROCEDURAL HISTORY**

Mr. Alexander pled guilty on May 15, 2019, pursuant to a binding plea agreement to two counts of Interstate Travel in Aid of Unlawful in violation of 18 U.S.C. §1952. The victim in this case sought restitution in a filing prior to sentencing. [ECF 272]. In this initial filing the victim sought $15,000 pursuant to 18 U.S.C. § 1593(a) and pursuant to 18 U.S.C. § 2259. This argument was based primarily on the assertion that the victim had been transported by Alexander for the purpose of engaging in prostitution and that the victim was thus entitled Alexander's alleged ill-gotten gains from her coerced prostitution. Alexander was sentenced on May 4, 2021, to 96 months

in custody and three years of supervised release. [ECF No. 302] At this initial sentencing the Court imposed mandatory restitution in the amount of $5,000 pursuant to the JVTA. The Court deferred ruling on any other restitution award.

The Court held a virtual hearing on restitution on August 5, 2021. At the hearing the Court found that restitution could not be based upon any alleged ill-gotten gains from the victim being coerced into prostitution by Alexander under Section 1593 as the record did not demonstrate that he had coerced her into prostitution or had retained any proceeds from such illegal activity. The Court did find that the record, including the PSR and plea agreement, established that the victim had engaged prostitution and that Alexander had transported her knowing that she would engage in such activity. At the hearing on August 5, 2021, Alexander through his counsel conceded that Section 2259 was applicable to this case and that the victim in this case could collect under that statute. While he did contest at the hearing any restitution based upon him receiving any proceeds from any alleged criminal activity of the victim, he did not contest that Section 2259 applied to his restitution and he did not contest that he had admitted in his plea agreement that Section 2259 applied. The Court continued the hearing to a future date to allow the victim's attorney to file a response to a late filing of defense counsel. The parties did agree that the JVTA did not apply in this case and that it should not be in the judgment.

Jane Doe subsequently filed a memorandum seeking restitution in the amount of $1,466,482.82. [ECF No. 321] The argument for restitution rested on Section 2259 and again on Section 1593. Jane Doe argued that based upon lost future income, future medical expenses (including psychological and psychiatric care), and attorney fees and costs. Jane Doe provided detailed calculations and projections as to the various restitution categories.

Alexander opposed this revised restitution request from Jane Doe. Alexander argued that, despite having previously conceded in court and in his plea agreement that Section 2259 applied to his case for the purpose of imposing restitution, the Court could not lawfully impose a restitution award as his counts of conviction fall outside the authority of Section 2259.

///

///

### III. DISCUSSION

The Court finds that despite the egregious conduct admitted by Defendant in this case it cannot order restitution to Jane Doe.

First, and foremost, the Court finds that Jane Doe is not entitled to restitution under Section 2259 because Alexander did not commit any of the enumerated offenses under the relevant chapter. Section 2259 provides that a district court "shall order restitution for any offense" under Chapter 110 of Title 18. Alexander, however, pled guilty to two counts of Interstate Travel in Aid of Unlawful Activity under 18 U.S.C. § 1952(a)(3)(A). This offense is not an offense in Chapter 110. The Court thus finds that it cannot order restitution pursuant to Section 2259.

Second, the Court rejects Jane Doe's argument that the Court can find based upon the record that Defendant Alexander has committed an offense under Chapter 110 even if he did not admit to one in his plea allocution. The Court, having reviewed the record and heard evidence in this case, does not find that the record establishes that Alexander committed an offense under Chapter 110. While the Court acknowledges that various assertions as to Alexander's conduct have been made by Jane Doe, the Court does not find that such assertions and the record are legally sufficient to establish that Alexander committed a sex offense under Chapter 110. United States v. Kennedy, 643 F.3d 1251, 1260 (9th Cir. 2011).

Third, the Court is also not persuaded that it can order restitution simply because Alexander agreed in his plea agreement that Section 2259 could provide a basis for restitution. The Court must still find that the statute authorizes an award of restitution. A consent to application does not itself expand the Court's legal authority under the statute.

Fourth, the Court also rejects Jane Doe's argument that restitution can be based upon 18 U.S.C. § 1593. The Court has already considered and rejected this argument previously. [ECF No. 317]. The Court finds that holding still applies to Jane Doe's request.

Finally, the Court also finds that it must amend the Judgment as the parties and the Court all agreed that restitution under the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014, does not apply in this case. [ECF No. 318] The Judgment must be amended to remove any award of restitution in this case.

In conclusion, while the Court finds that Alexander committed egregious acts by which Jane Doe suffered and will continue to suffer, the Court simply does not find that it has the authority to order restitution to Jane Doe in this case.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that the request for restitution is DENIED. The Defendant's Motion [ECF 316] is GRANTED consistent with this order.

**IT IS FURTHER ORDERED** that the Court will file an Amended Judgment removing any award of restitution in this case.

**DATED**: May 10, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**